1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

8

9

10

MATTHEW COPPLE, JUSTIN WARD, JEREMY FISCHER, and THOMAS JAY MORIARTY, individually and on behalf of all others similarly situated,

11

Plaintiffs,

12

v.

13

14

15

16

17

18

19

ARTHUR J. GALLAGHER & CO., a foreign corporation; ARTHUR J. GALLAGHER & CO. (ILLINOIS), a foreign corporation; ARTHUR J. GALLAGHER SERVICE COMPANY, LLC, a foreign limited liability company; ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC., a foreign corporation; CITY OF BELLEVUE, a municipal corporation; and DOES 1-20,

20

Defendants.

CASE NO.

**DEFENDANTS ARTHUR J. GALLAGHER & CO., ARTHUR J. GALLAGHER (ILLINOIS), ARTHUR J. GALLAGHER SERVICE COMPANY, LLC, AND ARTHUR J. GALLAGHER RISK MANAGEMENT SERVICES, INC.'S NOTICE OF REMOVAL**

Removal from the Superior Court of the State of Washington for the County of King, Case No. 22-2-00237-9 SEA

21

22

23

24

25

26

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE WESTERN

DISTRICT OF WASHINGTON, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants Arthur J. Gallagher & Co., Arthur J. Gallagher

& Co. (Illinois), Arthur J. Gallagher Service Company, LLC, and Arthur J. Gallagher Risk

Management Services, Inc. (collectively, "Gallagher") hereby effect the removal of this action

DEFENDANTS ARTHUR J. GALLAGHER & CO., ET AL.'S
NOTICE OF REMOVAL - 1
CASE NO.

from the Superior Court of the State of Washington for the County of King ("King County Superior Court") to the United States for the Western District of Washington.  Removal is proper under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), because this case is a class action in which the putative class exceeds 100 members, at least one plaintiff is diverse from at least one defendant, and the amount in controversy exceeds $5 million.

## FACTUAL BACKGROUND AND STATE COURT PROCEEDINGS

1.     On or around January 4, 2022, plaintiffs Matthew Copple, Justin Ward, Jeremy Fischer, and Thomas Jay Moriarty ("Plaintiffs") filed a putative class action suit against Gallagher in King County Superior Court.  A true and correct copy of the Complaint is attached to the Declaration of J. Chad Mitchell ("Mitchell Decl.") as **Exhibit A**.  Arthur J. Gallagher & Co. was served on January 7, 2022.  (**Exhibit B** to the Mitchell Decl.)  Arthur J. Gallagher & Co. (Illinois), Arthur J. Gallagher Service Company, LLC, and Arthur J. Gallagher Risk Management Services, Inc. were served on January 10, 2022.  (*Id.*)

2.     The gravamen of the allegations in the Complaint is that a ransomware event occurred between June 3, 2020 and September 26, 2020 during which personally identifiable information provided to Gallagher was purportedly accessed or acquired ("Ransomware Event"). Plaintiffs assert the following three causes of action on behalf of herself and the putative class: (1) violation of Wash. Rev. Code § 19.255.010 (Ex. A, ¶¶ 104–108); (2) violation of the Washington Consumer Protection Act, Wash. Rev. Code § 19.86, *et seq.* (*id.*, ¶¶ 109–120); and (3) injunctive relief (*id.*, ¶¶ 121–123).  Plaintiffs seek actual, consequential, statutory, and nominal damages, equitable relief including injunctive relief and declaratory relief, attorneys' fees, costs, and litigation expenses, and pre- and post-judgment interest.  (*See id.*, Prayer for Relief.)

## REMOVAL IS PROPER UNDER 28 U.S.C. § 1332(d)

3.     Removal of this action is proper. The Court may exercise subject matter jurisdiction over this action under CAFA because the proposed class contains at least 100

DEFENDANTS ARTHUR J. GALLAGHER & CO., ET AL.'S
NOTICE OF REMOVAL - 2
CASE NO.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

members, the parties are minimally diverse, and the amount apparently in controversy exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d).

## THE COURT HAS JURISDICTION PURSUANT TO CAFA

4.      The Complaint is removable because this Court has original jurisdiction over this action under CAFA, 28 U.S.C. § 1332(d).  Federal courts may exercise diversity jurisdiction under CAFA where: (1) the case is a "class action" involving at least 100 putative class members; (2) the putative class consists of at least 100 members; (2) minimal diversity exists between the parties— in other words, at least one putative class member is a citizen of a state different from that of at least one defendant; and (3) the aggregate amount in controversy exceeds $5,000,000, exclusive of interests and costs.  *Id.*; *see also* 28 U.S.C. § 1441.  Gallagher vigorously disputes Plaintiffs' allegations, including any claims that Gallagher is liable for any wrongdoing or that Plaintiffs could meet the standards of Fed. R. Civ. P. 23 for any proposed class, no matter how defined. Gallagher reserves all rights in this regard—including but not limited to the right to contest the definition, scope, certifiability, and merits of the claims of the proposed classes as alleged in the Complaint—and no reference to or re-statement of Plaintiffs' allegations herein shall constitute an admission of liability or damages.  Nonetheless, as set forth below, reviewing the allegations in the Complaint for the limited purpose of determining federal jurisdiction, the size of the proposed class alleged, the diverse citizenship of Gallagher vis-à-vis the named plaintiffs, and the alleged value of the relief sought by Plaintiffs satisfy CAFA's removal requirements.

### A.      This Class Action Involves Over 100 Putative Class Members

5.      This action is a putative "class action" under CAFA because it was brought under Rule 23 of the Washington Superior Court Civil Rule 23 (Ex. A, ¶ 101), authorizing a lawsuit to be brought as a class action.  28 U.S.C. § 1332(d); *see also* Ex. A, ¶ 98 ("Plaintiffs bring this action individually and on behalf of a class ….").

6.      Specifically, Plaintiffs state that they bring this action on behalf of a class preliminary defined as "[a]ll individuals residing in the State of Washington whose PII and/or PHI

DEFENDANTS ARTHUR J. GALLAGHER & CO., ET AL.'S
NOTICE OF REMOVAL - 3
CASE NO.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

was actually or potentially accessed or acquired during the data breach of Arthur J. Gallagher & Co. systems from June 3, 2020 to September 26, 2020.  (Ex. A, ¶ 98.)

7.    Plaintiffs also allege that their "proposed Class" reportedly consists of "approximately 72,385 members."  (Ex. A, ¶ 101(a).)

8.    A removing defendant's notice of removal "'need not contain evidentiary submissions'" but only plausible allegations of the jurisdictional elements."  *Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) (citing *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015)).  When a defendant's allegations of removal jurisdiction are challenged, the defendant's showing on the amount in controversy may rely on reasonable assumptions, and "an assumption may be reasonable if it is founded on the allegations of the complaint."  *Arias*, 936 F.3d at 922, 925.

9.    Here, Plaintiffs' own allegations—identifying over seventy thousand alleged customers purportedly affected by the Ransomware Event in the State of Washington—make clear that Plaintiff's proposed Washington class includes at least 100 affected customers.  Ex. A at ¶ 101(a).  This action accordingly satisfies CAFA's requirement that the proposed class contain at least 100 members.  *See* 28 U.S.C. § 1332(d)(5)(B).

**B.    The Parties Are Minimally Diverse**

10.    CAFA's minimal diversity requirement is satisfied when "any member of a class of plaintiffs is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2)(A); *see also Armstrong v. Argosy Educ. Grp. Inc.*, No. C14-852 MJP, 2014 WL 12674280, at *2 (W.D. Wash. Aug. 5, 2014) (explaining that "CAFA has no 'complete diversity' or forum defendant rule, but rather a 'minimal diversity' requirement which is satisfied wherever a single member of the proposed class is from a different state than any defendant").

11.    Plaintiffs allege that they are all citizens of Washington.  (Ex. A, ¶¶ 4–7.) Plaintiffs' class allegations are also limited to the State of Washington. (*See* Ex. A, ¶ 98 (putative class consist of "all individuals residing in the State of Washington whose PII and/or PHI was

DEFENDANTS ARTHUR J. GALLAGHER & CO., ET AL.'S
NOTICE OF REMOVAL - 4
CASE NO.

Summit Law Group, pllc
315 Fifth Avenue South, Suite 1000
Seattle, Washington 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1    actually or potentially accessed or acquired during the data breach of Arthur J. Gallagher & Co.

2    systems from June 3, 2020 to September 26, 2020").)

3        12.    Defendant Arthur J. Gallagher & Co., on the other hand, is a citizen of Delaware

4    and Illinois because at the time of the filing of the Complaint and at the time of the removal of this

5    action, it is incorporated in Delaware with its headquarters and principal place of business in

6    Illinois.  *See* Arthur J. Gallagher & Co. Form 8-K Report dated December 14, 2021, Mitchell

7    Decl. Ex. C; *see also* 28 U.S.C. § 1332(c)(1) (providing that a corporation is "a citizen of every

8    State and foreign state by which it has been incorporated and of the State or foreign state where it

9    has its principal place of business").

10       13.    Thus, CAFA's minimal diversity requirement is satisfied because Plaintiffs and

11   Defendant Arthur J. Gallagher & Co. are citizens of different states.  Ex. A, ¶¶ 4–11, 98.

12       **C.    The Amount in Controversy Exceeds $5,000,000**

13       14.    Gallagher denies that Plaintiffs or any of the putative class members are entitled to

14   any relief.  But without prejudice to its defenses in this action and without conceding any merit to

15   Plaintiffs' allegations, causes of action, or claims for damages, Plaintiffs' allegations indicate that

16   the amount purported to be in controversy exceeds the $5,000,000 threshold amount for removal

17   jurisdiction under CAFA.  *See* 28 U.S.C. § 1332(d)(2).

18       15.    When a plaintiff fails to plead a specific dollar amount of damages and the amount

19   in controversy is not necessarily "facially apparent" from the complaint, "the court may consider

20   facts in the removal petition" to determine the amount at issue.  *Kroske v. U.S. Bank Corp.,* 432

21   F.3d 976, 980 (9th Cir. 2005).  "[A] defendant's notice of removal need include only a plausible

22   allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee*

23   *Basin Op. Co. v. Owens*, 574 U.S. 81, 89 (2014). To satisfy this burden, a defendant may rely on a

24   "reasonable" "chain of reasoning" that is based on "reasonable" "assumptions."  *LaCross v.*

25   *Knight Transp. Inc.*, 775 F.3d 1200, 1201 (9th Cir. 2015).  *See also Salter v. Quality Carriers,*

26   *Inc.*, 974 F.3d 959, 959 (9th Cir. 2020) ("[I]n *Arias* we held that a removing defendant's notice of

DEFENDANTS ARTHUR J. GALLAGHER & CO., ET AL.'S
NOTICE OF REMOVAL - 5
CASE NO.

removal need not contain evidentiary submissions but only plausible allegations of jurisdictional elements," quotations and citations omitted).  That is because "[t]he amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).  "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court."  *Dart Cherokee*, 574 U.S. at 87.

16.    In calculating the potential amount in controversy, courts include actual damages, compensatory damages, treble damages, statutory penalties, costs of complying with an injunction, punitive damages, and attorneys' fees.  *See, e.g., Trepanier v. Progressive Direct Ins. Co.*, No. C12-0987-JCC, 2012 WL 12882865, at *2 (W.D. Wash. Sept. 19, 2012) ("[T]he amount in controversy includes not just actual damages, but also statutorily authorized attorneys' fees and treble damages.").  Because Plaintiffs have "put treble damages at issue, . . . a reasonable estimate of those damages must be included in the amount in controversy calculus." *Lewis v. Hartford Cas. Ins. Co.*, No. 3:15-CV-05275- RBL, 2015 WL 4430971, at *2 (W.D. Wash. July 20, 2015); *see* Compl., ¶ 120.  "Where a statutory maximum is specified, courts may consider the maximum statutory penalty available in determining whether the jurisdictional amount in controversy requirement is met."  *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).  Courts have also, for removal analysis purposes, contemplated attorneys' fees in amounts of 25% of the total class recovery.  *See, e.g., Dawsey v. Travelers Indem. Co.*, No. 3:15-CV-05188-RBL, 2015 WL 4394545, at *3 (W.D. Wash. July 16, 2015); *see also Staton v. Boeing Co.*, 327 F.3d 938, 968 (9th Cir. 2003) ("This circuit has established 25% of the common fund as a benchmark award for attorney fees."). In calculating the potential amount in controversy under CAFA, the claims of the individual members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.  28 U.S.C. § 1332(d)(6).

17.     Plaintiffs assert, *inter alia*, a cause of action for violation of Washington's Consumer Protection Act ("WCPA"), which provides for the award of treble damages of up to $25,000 per violation, RCW § 19.86.090, and treble damages may be awarded to all "represented class members" as well as the named plaintiffs. *Smith v. Behr Process Corp.*, 113 Wash. App. 306, 345–46 (2002). Using this maximum statutory award to evaluate the amount in controversy, 72,000 proposed class members each with a $25,000 individual claim would far exceed the $5 million threshold without even considering attorneys' fees or the value of injunctive relief. Indeed, even a claim valued as little as $70 per proposed class member would satisfy the minimum amount in controversy, not including attorneys' fees or anything else.

18.     Here, Plaintiffs allege that they and the proposed class members are entitled to damages for out-of-pocket costs incurred to prevent, detect, and remedy unauthorized use of their personal information, which they allege "can reach thousands of dollars" per individual. (Ex. A, ¶¶ 77-78 (internal quotations omitted).) They also seek reimbursement for "lost time" spent dealing with the potential misuse of their data, which they allege can take "an average of about 7 hours" per individual. (*Id.* at ¶¶ 78-79 (internal quotations omitted).) Although Gallagher denies that any proposed class member has a valid claim under the WCPA or any other theory, these allegations show that the total aggregate value of the monetary relief sought in the Complaint readily exceeds the $5,000,000 amount in controversy requirement, exclusive of interests and costs.

19.     Gallagher reserves the right to present additional evidentiary support should Plaintiffs challenge federal jurisdiction, including whether the jurisdictional amount-in-controversy threshold is satisfied. *See Dart Cherokee*, 574 U.S. at 89 (noting that "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation" that the amount in controversy exceeds the jurisdictional threshold).

DEFENDANTS ARTHUR J. GALLAGHER & CO., ET AL.'S
NOTICE OF REMOVAL - 7
CASE NO.

20.     Finally, although Gallagher does not bear the burden of demonstrating the applicability of a CAFA exception, this action does not fall within any exclusion to removal of jurisdiction recognized by 28 U.S.C. § 1332(d) because none of the Gallagher defendants are a citizen of Washington, the state in which the action was originally filed.  Moreover, other proposed class actions have been filed against Gallagher regarding the same 2021 Ransomware Event, all such actions have been consolidated before a single judge in the United States District Court for the Northern District of Illinois (Rowland, J.), interim lead counsel has been appointed, a consolidated complaint has already been filed, and Gallagher has filed a responsive pleading.  *See, e.g.*, Consolidated Complaint, *In re Arthur J. Gallagher Data Breach Litigation*, No. 22-cv-00137 (N.D. Ill.).  Moreover, no other exclusion applies.

### REMOVAL IS TIMELY

21.     Arthur J. Gallagher & Co. was served with the Complaint and Summons in this action on January 7, 2022.  (Mitchell Decl., Ex. B.)  Because this Notice of Removal is filed within 30 days of service of the Complaint and Summons, it is timely under 28 U.S.C. § 1446(b)(3), 1453.

### OTHER REQUIREMENTS FOR REMOVAL ARE MET

22.     Gallagher has not had any attorneys enter an appearance, file any responsive pleadings, or file any papers responding to the Complaint in the state court.  By filing this Notice of Removal, Gallagher does not waive any defense that may be available to it and reserves all such defenses, including but not limited to those related to service of process and lack of personal jurisdiction.

23.     The United States District Court for the Western District of Washington is the appropriate venue for removal pursuant to 28 U.S.C. section 1441(a) because it embraces the place where Plaintiffs originally filed this case, in the Superior Court of Washington for the County of King.  *See* 28 U.S.C. §§ 128(b), 1441(a).  Moreover, upon removal to the United States District Court for the Western District of Washington, Defendants will move to transfer the action to the

DEFENDANTS ARTHUR J. GALLAGHER & CO., ET AL.'S
NOTICE OF REMOVAL - 8
CASE NO.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

United States District Court for the Northern District of Illinois where four (4) other lawsuits against Arthur J. Gallagher & Co. relating to the same subject matter are currently consolidated and pending.  These lawsuits have been transferred to a single judge and are consolidated in a single master file.

24.     Gallagher will promptly serve notice of removal on Plaintiffs and will promptly file a copy of this Notice with the Clerk of the Superior Court of the State of Washington for the County of King, in which the action is pending, as required under 28 U.S.C. § 1446(d).  This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11.  *See* 28 U.S.C. § 1446(a).

25.     Pursuant to 28 U.S.C. § 1446(a), a "copy of all process, pleadings, and orders served upon" Gallagher is attached to Mitchell Declaration as Exhibits A and B.  In the event additional process, pleadings, or orders are served on any of the Gallagher defendants, Gallagher shall promptly provide this Court with true and correct copies of all such papers.

26.     No previous application has been made for the relief requested herein.

## CONCLUSION

For the foregoing reasons, Gallagher respectfully submits that this action is properly removed from the Superior Court of the State of Washington for the County of King to this Court. If any question arises as to the propriety of the removal of this action, Gallagher respectfully requests the opportunity to present briefing, additional evidence, and oral argument in support of its position that this case has been properly removed.  Gallagher further reserves the right to amend or supplement this Notice of Removal to assert additional bases for federal jurisdiction.

WHEREFORE, Gallagher hereby removes this action, now pending in the Superior Court of the State of Washington for the County of King, Case No. 22-2-00237-9 SEA, to the United States District Court for the Western District of Washington.

DEFENDANTS ARTHUR J. GALLAGHER & CO., ET AL.'S
NOTICE OF REMOVAL - 9
CASE NO.

SUMMIT LAW GROUP, PLLC
315 FIFTH AVENUE SOUTH, SUITE 1000
SEATTLE, WASHINGTON 98104-2682
Telephone:  (206) 676-7000
Fax:  (206) 676-7001

1    DATED this 2nd day of February, 2022.

2                                              Respectfully submitted,

3                                              SUMMIT LAW GROUP, PLLC

4                                              By *s/ J. Chad Mitchell*

5                                                  J. Chad Mitchell, WSBA #39689
                                                   Hathaway Burden, WSBA #52970
6                                                  *chadm@summitlaw.com*,
                                                   *hathawayb@summitlaw.com*
7
                                                   Attorney for Defendants
8                                                  Arthur J. Gallagher & Co.,
                                                   Arthur J. Gallagher & Co. (Illinois),
9                                                  Arthur J. Gallagher Service Company, LLC,
                                                   Arthur J. Gallagher Risk Management
10                                                 Services, Inc.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26