1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8

9

10

11  | MATTHEW COPPLE, et al.,            | CASE NO. 22-CV-00116-LK

12  |                    Plaintiffs,     | ORDER GRANTING STIPULATED
    |          v.                        | MOTION TO EXTEND ANSWER
13  |                                    | DEADLINE AND MOTION TO
    | ARTHUR J. GALLAGHER & CO., et al., | EXTEND DEADLINES
14
    |                    Defendants.
15

16          This matter comes before the Court on the parties' Stipulated Motion to Extend Deadline

17  to Answer or Otherwise Respond to Complaint, Dkt. No. 37, and the Gallagher Defendants'

18  Motion to Extend Deadlines, Dkt. No. 38. The Court grants these motions but cautions the parties

19  that, in the future, it expects strict adherence to all deadlines, the Federal Rules of Civil Procedure,

20  and the Local Civil Rules.

21          Stipulated Motion to Extend Answer Deadline

22          With respect to the stipulated motion, the parties wish to extend—for a third time—the

23  answer deadline. Dkt. No. 37 at 1; *see also* Dkt. Nos. 12–13, 18–19. Here they ask to move the

24  deadline to 14 days after the Court resolves Plaintiffs' Motion to Remand, Dkt. No. 20, and the

ORDER GRANTING STIPULATED MOTION TO EXTEND ANSWER DEADLINE AND MOTION TO
EXTEND DEADLINES - 1

Gallagher Defendants' Motion to Transfer to the Northern District of Illinois, Dkt. No. 21. *See* Dkt. No. 37 at 1–2. The Court notes that the current deadline for answering Plaintiffs' complaint or otherwise filing a responsive pleading was March 28, 2022—two days before the parties moved to extend this deadline. *See* Dkt. No. 19. Particularly relevant to the Court's admonition is Federal Rule of Civil Procedure 6(b)(1)(B), which permits the Court to enlarge the amount of time in which a party must answer a complaint "on motion made after the time has expired" only if the party "failed to act because of excusable neglect." The parties' inadvertent failure to timely move for an extension does not usually qualify as "excusable neglect." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 392 (1993). This is all to state the obvious: the parties must file any future requests for extensions to the answer deadline—even if stipulated—*before* the deadline, unless they are prepared to establish excusable neglect.

<u>Motion to Extend Deadlines</u>

The Gallagher Defendants' March 30, 2022 motion seeks to extend the March 30, 2022 initial disclosure deadline and the April 13, 2022 joint status report deadline. Dkt. No. 38 at 2; s*ee* Dkt. No 17. They wish to move these deadlines to 14 days after the Court rules on the parties' pending motions. Dkt. No. 38 at 2. Although Plaintiffs do not oppose either request, Defendant City of Bellevue apparently objects to extending the joint status report deadline. *Id.* at 3. The City, however, did not file an opposition to the Gallagher Defendants' motion. *See* Dkt. No. 40.

The Gallagher Defendants premise their untimely request on the Court's resolution of the pending motion to remand and motion to transfer: "[s]hould the Court grant either motion, this matter will not proceed here." Dkt. No. 38 at 3. According to the Gallagher Defendants, it would therefore "be a waste of resources to require the parties to prepare initial disclosures and a joint status report[.]" *Id.*

1    The Court may modify a schedule "only for good cause." Fed. R. Civ. P. 16(b)(4). In

2    evaluating whether good cause exists, the Court "primarily considers the diligence of the party

3    seeking amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

4    "[C]arelessness is not compatible with a finding of diligence," and where the moving party "was

5    not diligent, the inquiry should end." *Id.* In addition, Local Civil Rule 7(j) directs litigants to file

6    a motion for relief from a deadline "sufficiently in advance of the deadline to allow the court to

7    rule on the motion *prior to the deadline*." (emphasis added). "Parties should not assume that the

8    motion will be granted and must comply with the existing deadline[.]" *Id.* The Gallagher

9    Defendants filed their motion on March 30, 2022—the initial disclosure deadline. Under no

10   circumstances does this provide the Court sufficient time to rule on the motion prior to the

11   deadline. Furthermore, the noting date for the motion was April 8—only three business days before

12   the joint status report deadline. Dkt. No. 17. The Gallagher Defendants offer no reason why they

13   could not file their motion sufficiently in advance of the two deadlines. They have failed to

14   demonstrate diligence and violated Local Civil Rule 7(j).[1]

15        Conclusion

16        Although the Court finds that there is good cause to modify the deadlines under these

17   circumstances, it cautions the parties that it expects strict adherence to deadlines and applicable

18   rules going forward. The Court GRANTS the parties' Stipulated Motion to Answer or Otherwise

19   Respond to Deadline, Dkt. No. 37, and the Gallagher Defendants' Motion to Extend Deadlines,

20   Dkt. No. 38. The deadline for the answer, initial disclosure, and joint status report shall be 14 days

21   after the Court issues an order disposing of the motions at Docket Entries 20 and 21.

22

23   _____

24   [1] The Court further surmises, given the timing of the motion and the purported reasons for moving the deadlines, that the parties were not otherwise prepared to exchange initial disclosures. Put differently, the parties did not comply with the existing deadline.

ORDER GRANTING STIPULATED MOTION TO EXTEND ANSWER DEADLINE AND MOTION TO EXTEND DEADLINES - 3

1    Dated this 13th day of April, 2022.

2

3                                        _____
                                         Lauren King
4                                        United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING STIPULATED MOTION TO EXTEND ANSWER DEADLINE AND MOTION TO
EXTEND DEADLINES - 4