UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MATTHEW COPPLE, et al.,

                    Plaintiffs,

        v.

ARTHUR J. GALLAGHER & CO., et al.,

                    Defendants.

CASE NO. C22-0116-LK-SKV

REPORT AND RECOMMENDATION

## INTRODUCTION AND SUMMARY CONCLUSION

Defendants Arthur J. Gallagher & Co., Arthur J. Gallagher (Illinois), Arthur J. Gallagher Service Company, LLC, and Arthur J. Gallagher Risk Management Services, Inc. (collectively "Gallagher") filed a Motion to Transfer to the Northern District of Illinois.  Dkt. 21.  Gallagher moves to transfer pursuant to the "first-filed" rule, arguing this action involves essentially the same parties and issues as an earlier-filed "Consolidated Action" pending in the Northern District of Illinois.  *See* Dkt. 1-1 (Class Action Complaint filed January 4, 2022); *Myers v. Arthur J. Gallagher & Co.*, C21-4056, Consolidated Complaint and Consolidated Amended Complaint

(Dkts. 1 & 25) (N.D. Ill., filed, respectively, July 29, 2021 and October 29, 2021); and *In re Arthur J. Gallagher Data Breach Litigation*, No. C22-0137, slip op. (Dkt. 1) (N.D. Ill., issued Jan. 10, 2022) (consolidating multiple pending cases and directing that "all other pending and future actions arising out of the same or similar operative facts now pending or hereafter filed in, removed to, or transferred" to the District be designated as a related case and all future filings related to the matter filed in the Consolidated Action).  Gallagher alternatively requests transfer under 28 U.S.C. § 1404(a).

Plaintiffs Matthew Copple, Justin Ward, Jeremy Fischer, and Thomas Jay Moriarty, proceeding individually and on behalf of a proposed class, initially opposed the transfer, asserting an absence of federal subject matter jurisdiction and that the actions involved different issues. Dkt. 26.  Plaintiffs also separately moved to remand to state court. Dkt. 20.  Defendant City of Bellevue (Bellevue) likewise opposed transfer, contending an absence of personal jurisdiction by the Illinois court and that the transfer was otherwise improper given its presence in the suit. Dkt. 31.  However, as Gallagher observes, subsequent events nullified these objections.  In early August 2022, the Court issued a Report and Recommendation finding federal subject matter jurisdiction and concluding the motion to remand should be denied.  Dkt. 47.  The Court also ordered the parties to submit supplemental briefing on the motion to transfer and relating to Bellevue's inclusion in this case.  Dkt. 48.  Neither Plaintiffs, nor Bellevue objected to the Report and Recommendation and Plaintiffs submitted a Notice of Voluntary Dismissal of its claims against Bellevue pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i), along with an unsigned proposed order of dismissal, Dkt. 49.  Plaintiffs and Bellevue thereafter, in a joint supplemental brief, stated they no longer opposed transfer in light of Bellevue's dismissal.  Dkt. 50.

1    The first-to-file rule "permits a district court to decline jurisdiction over an action when a

2    complaint involving the same parties and issues has already been filed in another district."

3    *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982).  In determining

4    whether the rule applies, courts consider: (1) chronology of the lawsuits, (2) similarity of the

5    parties, and (3) similarity of the issues.  *Kohn Law Group, Inc. v. Auto Parts Mfg. Mississippi,*

6    *Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015).  The first-to-file rule is intended to "'serve[] the

7    purpose of promoting efficiency well and should not be disregarded lightly.'" *Alltrade, Inc. v.*

8    *Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991) (quoted source omitted).  Courts

9    applying the rule "should be driven to maximize 'economy, consistency, and comity.'" *Kohn*

10   *Law Group, Inc.*, 787 F.3d at 1240 (quoted source omitted).

11   If the first-to-file rule applies, a court may transfer, stay, or dismiss an action.  *Alltrade,*

12   *Inc.*, 946 F.2d at 623.  However, it "is not a rigid or inflexible rule to be mechanically applied,

13   but rather is to be applied with a view to the dictates of sound judicial administration."

14   *Pacesetter Sys., Inc.*, 678 F.2d at 95.  A court may exercise its discretion to "dispense with the

15   first-filed principle for reasons of equity[,]" including circumstances of "bad faith, anticipatory

16   suit, and forum shopping."  *Alltrade, Inc.*, 946 F.2d at 628 (internal citations omitted).

17   In this case, all relevant factors support a transfer under the first-to-file rule.  First, this

18   action was filed on January 4, 2022, Dkt. 1-1, more than five months after the filing of the first

19   action in the Northern District of Illinois, *Myers*, C21-4056 (Dkt. 1) (N.D. Ill. July 29, 2021).

20   Second, there is a "substantial similarity of parties." *Kohn Law Grp.*, 787 F.3d at 1240 ("[T]he

21   first-to-file rule requires only substantial similarity of parties.").  Indeed, the putative class of

22   Washington residents is subsumed within the putative nationwide class of individuals impacted

23   by the event at issue in both the Consolidated Action and in this case, *compare* Dkt. 1-1, ¶98,

*with Myers*, C21-4056 (Dkt. 25, ¶276), and the suits all lie against Arthur J. Gallagher & Co. and one or more of its subsidiaries. Third, the issues are also "substantially similar." *Kohn Law Grp.*, 787 F.3d at 1240 ("The issues in both cases also need not be identical, only substantially similar.") Specifically, Plaintiffs allege Gallagher violated Washington's statute requiring prompt notice of a ransomware event/data breach and that the defective notice and failure to safeguard their data violated the Washington Consumer Protection Act, with resulting harm including lost time and an increased risk of future identity theft, while the Consolidated Action plaintiffs allege the same claims and harms based on similar state statutes, *see, e.g., Myers*, C21-4056 (Dkt. 25) (including claims under California and Louisiana statutes). Finally, given the similarity of the parties and issues, a transfer of this action will obviate the risk of inconsistent rulings and serve the principles of efficiency, economy, and comity by avoiding duplicative and inefficient actions proceeding in separate districts. *See, e.g., Pars Equality Ctr. v. Pompeo*, No. C18-1122-JLR, 2018 WL 6523135, at *7 (W.D. Wash. Dec. 12, 2018).

This matter is, in sum, properly transferred under the first-to-file rule. The Court should enter the Order of Dismissal of Plaintiff's claims against Bellevue, Dkt. 49, and GRANT Gallagher's now unopposed Motion to Transfer to the Northern District of Illinois, Dkt. 21.[1]

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **fourteen (14) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions

---

[1] Finding transfer appropriate under the first-to-file rule, the Court declines to address the alternative request for a transfer pursuant to 28 U.S.C. § 1404(a) (providing for transfer of "any civil action to any other district or division where it might have been brought" for the convenience of the parties and witnesses or in the interest of justice).

calendar for the third Friday after they are filed.  Responses to objections may be filed within **fourteen (14)** days after service of objections.  If no timely objections are filed, the matter will be ready for consideration by the District Judge on **September 30, 2022**.

Dated this 12th day of September, 2022.

S. KATE VAUGHAN
United States Magistrate Judge